THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**SAMSUNG ELECTRONICS AMERICA, INC.,**<br><br>Defendant. | Civil Action No. 2:15-cv-1000<br><br>**JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Display Technologies, LLC ("Display Technologies" or "Plaintiff") files this Amended Complaint against Samsung Electronics America, Inc. ("Samsung Electronics" or "Defendant") alleging as follows:

## PARTIES

1. Plaintiff Display Technologies is limited liability company organized under the state of Texas having a principal place of business at 1400 Preston Road, Ste. 400, Plano, TX 75093.

2. Defendant Samsung Electronics is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 85 Challenger Road, Ridgefield Park, New Jersey 07660. Samsung may be served via its registered agent for service of process: CT Corporation System, 111 Eight Avenue, New York, New York, 10011.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

5. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

## U.S. PATENT NO. 8,671,195

6. Plaintiff is the owner by assignment of United States Patent No. 8,671,195 ("the '195 Patent") titled "Digital Media Communication Protocol." The '195 Patent was duly issued on March 11, 2014. A true and correct copy of the '195 Patent is attached as Exhibit A.

7. Mr. Leigh M. Rothschild is listed as the inventor of the '195 Patent.

8. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, predecessors in interest to the '195 Patent complied with such requirements.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 8,671,195)

9. Defendant has, pursuant to 35 U.S.C. § 271, infringed and continues to infringe, the '195 Patent in the State of Texas, in this judicial district, and/or elsewhere in the United States by, among other things, making, using, selling, offering to sell, and/or importing, without license, a digital media communications protocol for transmitting media files between a media terminal and media node on an interactive network, such as Samsung Link.

10. Defendant's Samsung Link falls within the scope of at least claim 17 of the '195 Patent, as evidenced by Samsung's product descriptions. For example, Samsung Link provides a digital communication protocol. *See http://link.samsung.com/*. Samsung Link includes at least one media terminal and media node, a communications link between them, the communications link being initiated by one of the Samsung devices, the media node and terminal structured to transmit a digital file over the communications link, and the communications link is structured to bypass at least one media terminal security measure. For example, "Register multiple devices including your PC, smart phone, tablet, TV, camera, HomeSync, BD-HDD and more in a few simple steps. Content stored in registered devices can be access wirelessly on any device. A simple UI layout allows anyone to easily navigate and use Samsung Link." *Id.*

11. As a result of Defendant's infringement of the '195 Patent, Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Samsung's infringing activities are enjoined by this Court.

12. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '195 Patent, Plaintiff will be irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the '195 Patent;

2. A permanent injunction enjoining Defendant and its officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '195 Patent, or such other equitable relief the Court determines is warranted;

3.	A judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '195 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

4.	Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Display Technologies, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED June 10, 2015.

Respectfully submitted,

By: */s/ Hao Ni*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

**Ni, Wang & Massand, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF**
**DISPLAY TECHNOLOGIES, LLC**

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 10th day of June, 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Marshall Division, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                  */s/ Hao Ni*___
                                                  Hao Ni